ALABAMA GREAT SOUTHERN RAILROAD CO. v. FULGHUM.

The evidence warranted the verdict, and the court did not err in denying a new trial.    *Judgment affirmed.*

LUMPKIN, Justice, concurring *dubitante.*

June 25, 1894. Argued at the last term.

Action for damages. Before Judge MILNER. Dade superior court. March term, 1893.

The plaintiff was employed by defendant as a brakeman on a local freight-train. He was ordered by the conductor of the train to cut off two of three cars which the engine was pushing on an up-grade. They were moving slowly, about three miles an hour. The conductor told him to hurry. He stepped between the cars and endeavored to pull out the coupling-pin, but it was tight and would come but part of the way out. He continued to try to pull it out, walking as the train moved, and after going about six or seven steps or more, his foot became fastened between the main rail and the guard-rail opposite a switch-frog. He halloed and threw out his arm as a signal to stop, but it had no effect, and he was thrown down, pushing himself outward from the cars in an effort to escape, and his foot and arm were

crushed and had to be amputated. He sued under the statute of Alabama of 1886 (the injury having occurred in that State), and obtained a verdict for $5,500. He was 21 years old when injured, and was earning $45 a month. He was permanently disabled from work. . He testified that the conductor motioned the train back, and was in full view of him when he went between the cars; that he had to go between them to pull the coupling-pin ; that he had previously uncoupled cars in this manner, and knew it was dangerous business, but it did not appear to be extra dangerous except to his hand, and it was not unusual to uncouple in this manner; that if the pin had been properly made he would have got it out without difficulty before reaching the guard-rail; and that if the fireman had been paying attention (it being his duty to watch for signals), he could have stopped the train before it ran over plaintiff, but when he fell from between the cars the engineer and fireman were sitting there laughing and not looking at him; etc. Opposed to plaintiff's testimony was that of seven witnesses, including the conductor, engineer, fireman and another brakeman. Their testimony was in conflict with that of plaintiff, in material respects, as to how and where the injury occurred, the giving of orders and signals, plaintiff's statements variant from his testimony, etc. The motion for new trial was on the grounds that the verdict was contrary to law and evidence, and was excessive.

W. U. & J. P. JACOWAY and R. J. & J. McCAMY, for plaintiff in error. McCUTCHEN & SHUMATE, contra.